MR. JUSTICE GULBRANDSON,
specially concurring:
As in Butte Community Union v. Lewis (Mont. 1986), [219 Mont. 426,] 712 P.2d 1309, 43 St.Rep. 65, I do not concur in the adoption of the described middle-tier standard of review. The first prong of that test requires a reasonable, non-arbitrary, classification of welfare recipients by the legislature. I agree with the adoption of that requirement as I perceive it to be an appropriate interpretation of the rational basis test. It is obvious that some courts in the past deferred to legislative classifications to the extent that the rational *221 basis test was sometimes described as “toothless,” and that may be the reason for the adoption, by the majority, of the middle-tier test. I do not agree with the adoption of the second prong of the test as stated because of the balancing decision to be required of this Court in future challenges to welfare classifications set by the Montana legislature. In my view, this Court, without particular expertise or competence, will, of necessity, be operating in the legislative arena in violation of the separation of powers doctrine, Article III Section 1, Constitution of Montana.
Because this case was decided under only the first prong of the described middle-tier test, and the trial court determined that the classification was not reasonable, I concur in the result.
MR. CHIEF JUSTICE TURNAGE and MR. JUSTICE McDON-OUGH join in the foregoing special concurrence.